# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| **JEFFREY SKELDON** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:25-cv-00703** |
| | ) | |
| **TEXTRON AVIATION, INC.** | ) | |

**TO:    Honorable Aleta A. Trauger, United States District Judge**

## R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered July 28, 2025 (Docket Entry No. 8), the Court referred this *pro se* lawsuit
to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule
72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending is the motion to dismiss (Docket Entry No. 13) filed by Defendant
Textron Aviation, Inc.  The motion is opposed by Plaintiff.  For the reasons set out below, the
undersigned respectfully recommends that the motion be **GRANTED** and this lawsuit be
**DISMISSED**.

## I.  BACKGROUND

Jeffrey Skeldon ("Plaintiff") is resident of Madison, Tennessee, and a former employee of
Textron Aviation, Inc. ("Textron" or "Defendant").  On June 25, 2025, he filed this *pro se* lawsuit,
seeking damages against Defendant based on a claim that Defendant took three wrongful
employment actions against him.  *See* Complaint (Docket Entry No. 1).  Plaintiff subsequently
filed an amended complaint, which is the operative complaint in the case.  *See* Amended Complaint
(Docket Entry No. 11).

Defendant is a business headquartered in Kansas that operates in the aviation industry. Plaintiff worked for Defendant as a Tube Fabricator and a Line Service Attendant from April 15, 2019, to July 1, 2022, when he was terminated from his employment. *Id*. at ¶¶ 7-9. Plaintiff asserts that he was a covered employee under a Collective Bargaining Agreement ("CBA") that exists between Textron and The International Association of Machinists & Aerospace Workers, District Lodge #70, Local Lodge #774 ("the Union"). *Id.* at ¶ 10. Prior to his termination, Plaintiff received two work suspensions in 2022. *Id*. at ¶¶ 16 and 33. He alleges that the three disciplinary actions – the two work suspensions and the termination – which were each based on allegations of work performance/safety shortcomings on his part, were factually unsupported and violated the CBA because they were "accelerated, exceedingly excessive, arbitrary, and wrongfully applied based on the facts and circumstances of the events and a violation of the letter and spirit of the progressive disciple policy and ARTICLE 31 DISCIPLINE of the [CBA]." (emphasis in original). *Id*. at ¶¶ 12 and 91-92. Plaintiff alleges that he filed grievances with the Union after each of the disciplinary actions but that the Union did not pursue the matters through arbitration on his behalf. *Id*. at ¶¶ 81-85. Attached to Plaintiff's amended complaint are a copy of the CBA and documents related to the disciplinary actions and his grievances. *See* Docket Entry Nos. 11-1 through 11-7.

In lieu of an answer, Defendant filed the pending motion to dismiss. Seeking dismissal of the lawsuit under Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant raises several arguments: (1) Plaintiff's factual allegations, even if accepted as true, do not state a facially plausible claim for relief; (2) Plaintiff failed to exhaust the available grievance procedures set out in the CBA because the grievances that he filed were not pursued through the final steps; (3) Plaintiff's lawsuit is barred by the applicable statute of limitations; and, (4) Plaintiff's claim, even if found to be exhausted and timely filed, is subject to the mandatory arbitration agreement that is

2

contained in the CBA. *See* Defendant's Memorandum in Support (Docket Entry No. 14). Defendant requests the Court compel arbitration in the event that the lawsuit is not dismissed. *Id*. at 11.

In response, Plaintiff argues the merits of his claim and contends that his allegations state a facially plausible claim for relief. *See* Response (Docket Entry No. 19) at 3-9. Plaintiff contends that he should be deemed to have exhausted his grievance remedies under the CBA because he took all steps that were available to him as an employee and that only the Union was permitted to engage in the final two steps of the grievance process or in arbitration. *Id*. at 9-10. Plaintiff contends that he is not suing his Union for breach of its duty of representation and that the CBA "does not explicitly contain language that strictly forbids [him] from seeking individual legal recourse, under any circumstances against the Defendant in a court of law. Courts have allowed CBA covered employees to seek individual recourse against a company in federal court." *Id*. at 11. Plaintiff requests that, in lieu of dismissal, he be granted leave to amend his complaint to correct any pleading deficiencies and/or that the Court compel arbitration. *Id*. at 12.

In reply, Defendant argues that nothing set out in Plaintiff's response adequately rebuts its arguments for dismissal. *See* Reply (Docket Entry No. 20).

## II. STANDARD OF REVIEW

In deciding a motion to dismiss brought under Rule 12(b)(6), the Court must take all of the factual allegations in the complaint as true, *Ashcroft v. Iqb*al, 556 U.S. 662 (2009), and must construe the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Because Plaintiff in this case is litigating *pro se*, the Court is also required to view his pleadings

with some measure of a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012). In deciding a motion to dismiss, the Court is not required to accept summary allegations, legal conclusions, or unwarranted factual inferences. *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999); *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). The Court also cannot supply or assume facts that are not pled or create claims for a party that are not pled. *See Bell v. Tennessee*, 2012 WL 996560 at *9 (E.D. Tenn. March 22, 2012) (quoting *Thompson v. A.J. Rose Mfg. Co.*, 208 F.3d 215 (6th Cir. 2000)).

In considering a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to a defendant's motion to dismiss provided they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008).

## III.  ANALYSIS

Plaintiff does not set out in his amended complaint a specific legal basis for his cause of action. However, his claim against Defendant for implementing employment discipline in violation of the CBA is essentially a claim that Defendant breached the CBA.  To the extent that the claim is asserted by Plaintiff as a state law claim, the claim is preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), because the claim relies entirely upon interpretation of the terms of the CBA.  Section 301 provides that:

> Suits for violations of contracts between an employer and a labor organization representing employees in an industry affecting commerce ... may be brought in any district court of the United States having jurisdiction of the parties....

29 U.S.C. § 185(a).  The law is well-settled that Section 301 requires federal preemption of claims based on state law if those claims are inextricably intertwined with consideration of the terms of the CBA.  *Baltrusaitis v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, 133 F.4th 678, 684-86 (6th Cir. 2025); *Mattis v. Massman*, 355 F.3d 902, 905 (6th Cir. 2004); *Smith v. Ameritech*, 129 F.3d 857, 868 (6th Cir. 1997); *DeCoe v. Gen. Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994); *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 382 (6th Cir. 1991); *Smolarek v. Chrysler Corp.*, 879 F.2d 1326, 1329 (6th Cir. 1989).

A preempted state law claim should either be dismissed as such or construed as a claim brought under Section 301.  *See Allis- Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985) (holding that a state law claim substantially dependent upon the terms of a labor agreement must either be treated as a Section 301 claim or dismissed as preempted by federal labor-contract law); *Pridy v. Piedmont Nat. Gas Co., Inc.*, 458 F.Supp.3d 806, 825 (M.D. Tenn. 2020).

Even if the Court construes Plaintiff's claim as being brought under Section 301, the end result of dismissal is the same because the claim was not timely pursued by Plaintiff. Given the

5

clear merit of Defendant's statute of limitations defense, to which Plaintiff fails to offer an actual rebuttal, and given that it requires the dismissal of Plaintiff's lawsuit in its entirety, the Court finds it unnecessary to address any of Defendant's alternative arguments for dismissal.

There is no express statute of limitations under Section 301. However, the Supreme Court held in *DelCostello v. International Bhd. of Teamsters*, 461 U.S. 151 (1983), that the six-month statute of limitations period of 29 U.S.C. § 160(b), which governs unfair labor practices before the National Labor Relation Board, applies to Section 301 claims. 461 U.S. at 164-65. Although a typical Section 301 claim is brought against both the employer and the union, the Supreme Court in *DelCostello* noted that "it has long been established that an individual employee may bring suit against his employer for breach of a collective bargaining agreement," *id.* at 163, and the employee may choose "to sue one defendant and not the other." *Id.* at 165. *See Saunders v. Ford Motor Co.*, 879 F.3d 742, 750 (6th Cir. 2018). Regardless of who is named as a defendant, however, the six-month filing period imposed by *DelCostello* for bringing a Section 301 claim applies. *See Saunders v. Ford Motor Co.*, 879 F.3d 742, 751 (6th Cir. 2018) (finding that claim for breach of collective bargaining agreement against employer was subject to six month statute of limitations); *Kurincic v. Stein Inc.*, 30 F.App'x 420, 427 (6th Cir. 2002) (same); *Herndon v. Atl. Auto. Components*, 202 F.3d 268 (6th Cir. 1999) (Table Decision) (same); *Sobolewski v. Ford Motor Co.*, 2024 WL 5224342, at *3 (N.D. Ohio Dec. 26, 2024) ("Disputes over a collective bargaining agreement have a six-month statute of limitations period.").

A Section 301 claim accrues for purposes of the running of the six-month limitation period when an "employee discovers, or should have discovered with [the] exercise of due diligence, acts giving rise to the cause of action." *Saunders*, 879 F.3d at 751 (quoting *Wilson v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 83 F.3d 747, 757 (6th Cir.

1996)).  In the instant case, Plaintiff was clearly aware in 2022 of both the actions of Defendant that allegedly violated the CBA and the failure of the Union to fully pursue his grievances and arbitration.  His lawsuit was not filed until nearly three years later, well beyond the applicable six-month filing period established in *DelCostello*.  Plaintiff's lawsuit is simply untimely. Plaintiff fails to offer any basis upon which to conclude otherwise and fails to set forth any basis to reject Defendant's statute of limitations defense.  Accordingly, this action must be dismissed.

To the extent that Plaintiff requests that he be permitted under Federal Rule of Civil Procedure 15 to amend his complaint in lieu of dismissal, the Court is unpersuaded by this entreaty. *First*, Plaintiff has already availed himself of the opportunity to amend his complaint in the face of Defendant's previously filed motion to dismiss, which was denied without prejudice. *See* Order entered September 12, 2025 (Docket Entry No. 12). *Further*, the Court will not consider Plaintiff's request to amend included in his Response as an actual motion to amend.  Such a request must be made through a properly supported motion under Federal Rule of Civil Procedure 15(a)(2), along with a copy of the proposed amended complaint as required by Local Rule 15(a). *Finally*, the Court fails to see any possible amendment that would cure the statute of limitations issue that exists in this case and bars any path forward for Plaintiff.

### R E C O M M E N D A T I O N

For the reasons set out above, it is respectfully **RECOMMENDED** that the motion to dismiss (Docket Entry No. 13) filed by Defendant Textron Aviation, Inc., be **GRANTED** and that this lawsuit be **DISMISSED** as barred by the applicable statute of limitations.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule

72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge

8