# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

JEFFREY SKELDON,        )
        )
    Plaintiff,        )
        )
v.        )    **Case No. 3:25-cv-00703**
        )    **Judge Aleta A. Trauger**
TEXTRON AVIATION, INC.,        )
        )
    Defendant.        )

## <u>MEMORANDUM</u>

Before the court are plaintiff Jeffrey Skeldon's Objections (Doc. No. 22) to the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 21), which recommends granting the Motion to Dismiss (Doc. No. 13) filed by defendant Textron Aviation, Inc. ("Textron") and dismissing this case with prejudice.

## I.    BACKGROUND

The plaintiff's Amended Complaint (Doc. No. 11) asserts that Textron, his former employer, took three wrongful employment actions, culminating in his termination on July 1, 2022, in violation of the Collective Bargaining Agreement ("CBA") between Textron and the International Association of Machinists & Aerospace Workers, District Lodge #70, Local Lodge #774. Textron seeks dismissal of the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) on several grounds, including that (1) the Amended Complaint fails to state a plausible claim for relief; (2) the plaintiff failed to exhaust the grievance procedures set forth in the CBA; (3) the plaintiff's claim for wrongful termination is barred by the applicable statute of limitations; and (4) even if fully exhausted and not time-barred, the plaintiff's claim is subject to mandatory arbitration under the CBA.

Although the plaintiff opposes dismissal, the R&R finds that the plaintiff's claim, for which no specific legal theory is identified in the Amended Complaint, is "essentially a claim that Defendant breached the CBA." (Doc. No. 21 at 5.) The R&R further finds that, insofar as this claim might be construed as a state law breach of contract claim, it is entirely preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), because it relies entirely upon an interpretation of the terms of the CBA. (*Id.*) Construing the claim as brought under § 301, the R&R finds that the claim is time-barred by the six-month limitations period that applies to claims for breach of a collective bargaining agreement under § 301. (*See id.* at 6 (citing, among other cases, *DelCostello v. International Bhd. of Teamsters*, 461 U.S. 151, 164–65 (1983); *Saunders v. Ford Motor Co.*, 879 F.3d 742, 751 (6th Cir. 2018)).) Because the plaintiff's claim accrued no later than July 1, 2022, when he was terminated, and he did not file suit until June 25, 2025, almost three years later, the R&R recommends that the defendant's Motion to Dismiss be granted. The R&R further recommends that the plaintiff's request that he be permitted to amend his complaint again be denied as futile. (*Id.* at 7.)

The plaintiff' "object[s]" to dismissal of his case as time-barred, but he does not provide any legal basis for this objection. (*See* Doc. No. 22 at 1.) Instead, he requests that the court compel arbitration instead of dismissing his case, since the defendant "indicated in [its] filings" that it would be "open to the court compelling arbitration as an alternative option." (*Id.* at 2.) He further insists that he attempted in good faith to resolve his dispute with Textron prior to filing suit, but the defendant delayed in responding. He implies that the defendant should be estopped from relying on a statute of limitations defense because of such delay, and he points out that the statute of limitations was not raised in the defendant's first Motion to Dismiss, which he characterizes as demonstrating the defendant's lack of good faith. (*Id.* at 4.) The defendant's Response to the

Objections argues that the plaintiff has not raised any substantive objections to the R&R and that the statute of limitations defense was properly raised in response to the plaintiff's filing of his Amended Complaint. (Doc. No. 23.)

## II.      LEGAL STANDARD

If a party files "specific written objections" to an R&R on a dispositive matter, the district judge must consider those objections and determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(2), (3); *see also* 28 U.S.C. § 636(b)(1). However, the district court is not required to review those aspects of the report and recommendation to which no objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court generally should accept the magistrate judge's findings and rulings to which no specific objection is filed, *id.* at 151, so long as the court is "satisf[ied] that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment.

## III.      DISCUSSION

The plaintiff does not meaningfully object to the Magistrate Judge's conclusion that his wrongful termination claim should be construed under § 301; nor does he raise any legal objection to the conclusion that his claim is time-barred under the statute. His assertion that the defendant is "open" to arbitration is clearly incorrect. Instead, the defendant argues that, *if* the court finds that the claim is not time-barred, it should be referred to arbitration. (*See* Doc. No. 14 at 11.)

The court finds that the plaintiff has not properly objected to the R&R, and the court discerns no clear error in the Magistrate Judge's findings. The plaintiff's Objections (Doc. No. 23), therefore, will be overruled, and the R&R (Doc. No. 21) will be accepted in its entirety. The

defendant's Motion to Dismiss (Doc. No. 13), accordingly, will be granted, and this case will be dismissed.

An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge